IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMIEL JOHNSON,

    Plaintiff

v.

JOHN E. WETZEL, et al.,

    Defendants

CIVIL NO. 3:CV-17-0364

(Judge Caputo)

FILED
SCRANTON

MAY - 5 2017

PER _____
DEPUTY CLERK

# MEMORANDUM

## I. Introduction

On February 20, 2017, Mr. Johnson, a state inmate currently housed at the Camp Hill State Correctional Institution (SCI-Camp Hill), in Camp Hill, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1, Compl.) He names the following Pennsylvania Department of Corrections (DOC) employees as defendants: John Wetzel; Dorina Varner; Kevin Kauffman; Lisa Hollibaugh; Debra Jadlocki; Lisa Clinger; and Richard Moyer. Mr. Johnson challenges the DOC's practice of charging inmates for legal postage and copying expenses.

Presently before the Court is Mr. Johnson's motion to file an amended complaint. (ECF No. 11.) For the reasons that follow, Plaintiff's motion will be granted and Mr. Johnson will be granted twenty-one days to file an all inclusive, legible, amended complaint.

## II. Standard of Review for a Filing an Amended Complaint

The filing of an Amended Complaint is governed by Fed. R. Civ. P. 15(a):

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

## III. Discussion

Mr. Johnson seeks the Court, via his motion to amend, to add, delete and clarify portions of his original complaint. See ECF No. 11, Mot. to Amend. Give the length of his original Complaint, Plaintiff's tendency to include a great deal of legal argument, and failure to number the allegations in his Complaint, it is difficult at best to "supplement" the Complaint through his proposed amendment. To date, the Court has not screened or directed service of Mr. Johnson's Complaint. Accordingly, for the sake of clarity, we will grant Mr. Johnson's motion to file an amended complaint but require him to fill an all inclusive complaint, preferably on the Court's form.

Mr. Johnson is advised that his amended complaint must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition,

the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Mr. Johnson is cautioned that any amended complaint supercedes his original complaint. The amended complaint must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. V. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013). Consequently, all causes of action alleged in the complaint which are not reasserted in the amended complaint are deemed waived.

Mr. Johnson is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). He must also specify the relief he seeks.

Mr. Johnson's failure to file an appropriate amended complaint within the required time will result in the Court proceeding in this action based on the original complaint. Finally, Mr. Johnson is cautioned that illegible submissions will be returned to him without consideration.

An appropriate order follows.

*/s/ A. Richard Caputo*
A. RICHARD CAPUTO
United States District Judge

Date: May 5, 2017