# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIEL JOHNSON, | : |
| Plaintiff | : |
| | : CIVIL NO. 3:CV-17-0364 |
| v. | : |
| | : (Judge Caputo) |
| JOHN E. WETZEL, *et al.,* | : |
| Defendants | : |

# M E M O R A N D U M

## I. Introduction

Pro se Plaintiff Jamiel Johnson seeks to amend/correct the Court's Order of June 6, 2017. (ECF No. 18.) For the reasons that follow the motion to amend or alter judgment will be denied.

## II. Standard of Review

The Court's June 6, 2017, Order was not final as it contemplated further proceedings in this court. *See Aluminum Co. of America v. Beazer East, Inc.*, 124 F.3d 551, 557 (3d Cir. 1997); *M.K. v. Tenet*, 196 F. Supp. 2d 8, 12 (D. D.C. 2001). It was therefore interlocutory. A court may revise an interlocutory order "when consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *In re Anthanassious*, 418 F. App'x 91, 95 (3d Cir. 2011)(non-precedential)(quoting *Jerry*). More specifically, a trial court may revise an interlocutory order if that order "might lead to an unjust result." *Anthanassious*, 418 F. App'x at 95 (quoted case omitted).

### III. Discussion

On June 6, 2017, after Mr. Johnson failed to file an amended complaint within the time frame set by the Court, or seek an enlargement of time to do so, the Court entered an Order noting that the "action proceeds on Mr. Johnson's original Complaint. (ECF No. 1.)". (ECF No. 16.) However, due to a typographical error the Court directed the Clerk of Court to serve "a copy of the Amended Complaint" on the named Defendants (Wetzel, Varner, Kauffman, Hollibaugh, Jadlocki, Clinger and Moyer)." (*Id.*)

On June 19, 2017, Mr. Johnson filed a motion to correct the Court's oversight of service of the non-existent Amended Complaint on the Defendants and a specific dollar amount as to his statement of relief (Plaintiff seeks over $750,000 in damages). (ECF No. 18, Mot. to Correct.) He also asserts he failed to file an amended complaint because prison officials denied him an ink pen. However, Plaintiff has not filed an amended complaint or sought leave to do so now that he does have access to paper and pen.

A review of the docket in this case reveals that regardless of the typographical error in the Court's Order, Defendants were served with a copy of Plaintiff's original Complaint in this matter and defense counsel has timely entered an appearance on their behalf. (ECF Nos. 19 and 21.) Defendants have also filed a motion to dismiss the Complaint. (ECF No. 23, Mot. to Dismiss.) Plaintiff has yet to respond to Defendants' motion. If Plaintiff seeks to file an amended complaint or additional time to respond to Defendants' motion, he need only seek leave of the Court. If Mr. Johnson seeks to pursue an access to courts claim concerning prison official's alleged interference with his ability to file an amended complaint in this action, he may do so in a separate action.

Accordingly, based on the Defendants' receipt of the original Complaint in this action, Mr. Johnson's motion to correct (ECF No. 18) will be denied as moot.

                                                /s/ A. Richard Caputo
                                                **A. RICHARD CAPUTO**
                                                **United States District Judge**

**DATE: August 31, 2017**