IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMIEL JOHNSON,

    Plaintiff

v.

JOHN WETZEL, *et al.*,

    Defendants

CIVIL ACTION NO. 3:CV-17-0364

(Judge Caputo)

MEMORANDUM

I.  Introduction

After filing his Complaint, but before the Court screened his Complaint, Mr. Johnson expressed a desire to file an amended complaint. On May 5, 2017, the Court granted Plaintiff leave to file an amended complaint. (ECF No. 13.) When Mr. Johnson failed to file an amended complaint or seek an enlargement of time to do so, the Court directed service of the Complaint (ECF No. 1) on the named Pennsylvania Department of Corrections (DOC) Defendants. (ECF No. 16.)

Presently before the Court is Defendants' motion to dismiss the Complaint based on, *inter alia*, Mr. Johnson's failure to state an Eighth Amendment claim, lack of personal involvement of many of the named Defendants, and the statute of limitations. (ECF Nos. 23 and 24.) Mr. Johnson has filed a variety of motions

seeking to strike Defendants' motion (ECF No. 32), supplement his opposition brief (ECF No. 39), file an opposition brief to Defendants' Reply (ECF No. 42), and leave to file an amended complaint (ECF No. 40). Mr. Johnson's request to file an amended complaint is based, in part, on prison officials' refusal to provide him with a pen during the time he was permitted to file an amended complaint. (ECF No. 40.)

For the reasons set forth below, the Court will dismiss Defendants' motion to dismiss and allow Mr. Johnson leave to file an amended complaint.

II. Discussion

The Court agrees that the lack of factual averments in Mr. Johnson's complaint complicates the Defendants' as well as the Court's ability to identify and evaluate his claims. Giving Mr. Johnson's Complaint every consideration due a *pro se* plaintiff,[1] it appears he is challenging the DOC's practice of charging inmates for legal postage and copying expenses. However, Mr. Johnson's Complaint fails to clearly, and succinctly, identify who he seeks to hold responsible for improperly charging him for these services or withdrawing funds from his inmate trust account without authorization. As such, his Complaint, as Defendants suggest, violates Fed. R. Civ. P. 8, and fails to allege the personal involvement of many of the named

---

[1] "Pro se complaints are 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Jackson v. Div. of Developmental Disabilities*, 2010 WL 3636748, at *2 n.3 (3d Cir. 2010) (per curiam) (nonprecedential) (quoted case omitted). Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoted case omitted).

Defendants. Also absent from Mr. Johnson's Complaint is a clear indication of when these alleged improper charges were incurred.

As Mr. Johnson proceeds pro se, if the Court were to address Defendants' motion to dismiss at this moment, the Court would be required to give Mr. Johnson leave to file an amended complaint.[2] In an effort to get this case back on track, the Court will deny the Defendants' motion to dismiss (ECF No. 23) without prejudice, and deny Mr. Johnson's motion to strike (ECF No. 32), motion to correct (ECF No. 39) and motion to respond to Defendants' Reply (ECF No. 42). However, Plaintiff's motion to file an amended complaint (ECF No. 40) will be granted. With that said, Mr. Johnson is to be mindful of the Court's direction as to the requirements he must follow when filing an amended complaint. His failure to file an appropriate amended complaint within the required time set by the Court will result in the Court proceeding on Mr. Johnson's original complaint (ECF No. 1) and allowance for Defendants to renew their original motion to dismiss. Mr. Johnson will not be granted further leave to file an amended complaint absent a showing of good cause.

Mr. Johnson is advised that his amended complaint must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to

---

[2] Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. See DelRio-Mocci v. Connolly Properties Inc., 672 F.3d 241, 251 (3d Cir. 2012).

the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Mr. Johnson is cautioned that his amended complaint will supersede the original complaint. The amended complaint must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. V. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013). Facts and documents not included in the submission of his amended complaint will not be considered properly before the Court. Consequently, all causes of action alleged in the Complaint which are not reasserted in the amended complaint are deemed waived.

Mr. Johnson is reminded that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered short paragraphs using concise and simple factual statements. *Id.* The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). He must also specify the relief he seeks.

Plaintiff is required to use this Court's prisoner civil-rights complaint form when drafting his amended complaint. Illegible submissions will be returned to Plaintiff without consideration. Mr. Johnson's handwritten submission must be printed and double spaced. Plaintiff is advised that legal argument and conclusory

allegations improperly included in his amended complaint will not be considered by the Court.[3]

An appropriate order follows.

Dated: February 6, 2018    /s/ A. Richard Caputo
                           **A. RICHARD CAPUTO**
                           **United States District Judge**

---

[3] "Although a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently 'permit the court to infer more than the mere possibility of misconduct.' " *Guirguis v. Movers Specialty Servs., Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1950) (other citation omitted).