**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMIEL JOHNSON,** : | |
| Plaintiff : | |
| : | **CIVIL NO. 3:17-0364** |
| v. : | |
| : | **(JUDGE MANNION)** |
| **JOHN WETZEL,** *et al.,* : | |
| Defendants : | |

# M E M O R A N D U M

On March 20, 2019, the Court granted Defendants' motion to dismiss the Amended Complaint. (ECF No. 62.) The dismissal was without leave to amend after the late Hon. A. Richard Caputo determined "Plaintiff's claims lack any arguable basis in law and fact" and further amendment would be futile.[1] (ECF No. 62.) In July 2019, Mr. Johnson filed a motion to alter judgment, motion to recuse jurist, motion to file an amended complaint and motion for leave to proceed *in forma pauperis*. (ECF Nos. 63 – 66.)

For the following reasons, the Court will deny Mr. Johnson's motions.

---

[1] This matter was recently reassigned to the undersigned following the passing of the Hon. A. Richard Caputo.

## I. Relevant Factual and Procedural Background

On February 20, 2017, Mr. Johnson, a state inmate currently housed at the Forest State Correctional Institution (SCI-Forest), in Marienville, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. §1983. (ECF No. 1.) He named the following Pennsylvania Department of Corrections (DOC) employees as defendants: John Wetzel; Dorina Varner; Kevin Kauffman; Lisa Hollibaugh; Debra Jadlocki; Lisa Clinger; and Richard Moyer. Mr. Johnson claimed, that while housed at SCI-Smithfield, Defendants Moyer, Jadlocki and Clinger improperly deducted funds from his inmate account for legal postage and copying expenses. Defendants Hollibaugh, Kauffman, Varner and Wetzel denied his grievances concerning this matter. Mr. Johnson admitted that he did not suffer any physical harm due to this incident but claims emotional and mental harm for which he sought nominal damages and injunctive relief. (*Id.*)

Prior to service of the Complaint, Mr. Johnson sought, and obtained, leave to file an amended complaint. The Court cautioned that if he failed to file a timely amended complaint, the action would proceed on the original complaint. (ECF No. 14.) The Court served the Complaint after Mr. Johnson

failed to file a timely amended complaint or seek an enlargement of time to do so. (ECF No. 16.)

Defendants filed a motion to dismiss the Complaint and supporting brief. (ECF Nos. 23 and 24.) On February 5, 2018, the Court dismissed Defendants' motion without prejudice. The Court noted that the "lack of factual averments in [his] complaint complicates the Defendants' as well as the Court's ability to identify and evaluate his claims" violating Fed. R. Civ. P. 8 and failed "to allege the personal involvement of many of the named Defendants." (ECF No. 43 at 2 - 3.) Mr. Johnson was granted leave to file an amended complaint and cautioned that "further leave to file an amended complaint absent a showing of good cause" would be denied. (*Id.* at 3.)

After receiving several enlargements of time, on April 26, 2018, Mr. Johnson filed a forty-page Amended Complaint. (ECF No. 49.) Aside from reasserting his claim that the original Defendants improperly withdrew funds from his SCI-Smithfield inmate account, or condoned the act, he also asserted an excessive use of force claim against new Defendants stemming from an April 2018 event at SCI-Coal Township. (*Id.*)

The Court, on March 20, 2019, dismissed the Amended Complaint as it related to the original incident with prejudice. Judge Caputo, however, held

Mr. Johnson's inclusion of new claims concerning events that transpired at SCI-Coal Township were subject to dismissal without prejudice. (ECF No. 61 at 8.) The Court also found that Mr. Johnson failed to allege the personal involvement of Secretary Wetzel, Ms. Varner, Superintendent Kauffman, Ms. Hollibaugh, Ms. Jadlocki and Mr. Moyer in the alleged monetary deprivation claim. Furthermore, Judge Caputo found Plaintiff failed to state a cognizable claim that Defendants must provide indigent inmates like himself with unlimited free legal postage and photocopies. (*Id.* at 10 – 15.) Finally, the claim that Ms. Clinger illegally seized funds from his inmate trust account for the satisfaction of incurred debt for legal postage and copying fees, was dismissed as it failed to state a Fourteenth Amendment claim due to the availability, and Mr. Johnson's admitted use, of a meaningful post-deprivation remedy, i.e. the prison's grievance system. (*Id.* at 15 - 17.)

## II. Discussion

### A. Motion for Reconsideration

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). "Although motions for reconsideration under Federal Rules of Civil Procedure 59(e)

4

and 60(b) serve similar functions, each has a particular purpose." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). While Rule 60(b) provides relief from judgments, Rule 59(e) "permits the filing of a motion to alter or amend a judgment." *Id.* at 288. "A motion under Rule 59(e) is a 'device to relitigate the original issue' decided by the district court, and used to allege legal error." *Id.* (quoting *Smith v. Evans*, 853 F.2d 155, 158 - 59 (3d Cir. 1988)).

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the movant establishes: (1) there has been an intervening change in controlling law; (2) new evidence has become available since the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Schumann v. Astrazeneca Pharm., L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration may not be used to relitigate issues or present arguments that could have been raised earlier but were

not. *Blystone v. Horn*, 664 F.3d 397, 416 (3d Cir. 2011) (citing *Howard Hess Dental Lab., Inc. v. Dentasply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)).

Mr. Johnson's motion to alter judgment is two-fold. First, he alleges that Judge Caputo abused his discretion by dismissing his amended complaint with prejudice without addressing the merits of his claims. (ECF No. 63.) Second, he takes issue with the Court's reliance on the DOC's policies which are relevant to his claim but not appended to the Amended Complaint: DC-ADM 803, *Inmate Mail and Incoming Publications Policy* and DC-ADM 003, *Release of Information Policy*. Both policies are available to the public on the DOC's website.[2] The first policy outlines an indigent inmate's ability to anticipate funds in their inmate account for the purpose of legal postage and photocopies. It also addresses the inmate's obligation to repay this debit upon the availability of funds in the inmate's account. The second policy addresses the order in which inmate debts are to be satisfied from their prison accounts when funds are available.

Neither of Mr. Johnson's grounds for reconsideration are valid. Mr. Johnson asserts Judge Caputo erred when taking judicial notice of the

---

[2] *See* https://www.cor.pa.gov/About%20Us/Pages/DOC-Policies.aspx (last visited March 25, 2020).

DOC's DC-ADM 803 and DC-ADM 003 when resolving Defendants' motion to dismiss as they were not part of his Amended Complaint. (ECF No. 63 at 1 – 2.) However, he does not dispute that Fed. R. Civ. P. 12(b)(6) expressly provides a mechanism for consideration of matters outside the pleadings when addressing a motion to dismiss without converting it to a motion for summary judgment. *See Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019). A court may consider any "document *integral to or explicitly relied upon* in the complaint." *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997) (internal citation omitted). Likewise, although Mr. Johnson argues Judge Caputo erred by taking judicial notice of DC-ADM 803 and DC-ADM 003, he does not dispute he relies heavily upon policies in framing the claims presented in his Amended Complaint. (ECF No. 49 at p. 3). Mr. Johnson does not dispute the authenticity or accuracy of the versions of either policy obtained from the DOC's public website. He does not allege Judge Caputo misinterpreted or otherwise misconstrued these policies. Mr. Johnson's motion for reconsideration based on the Court's consideration of public documents presented outside the pleadings but were undisputedly relied upon by him in the Amended Complaint will be denied.

Next, Mr. Johnson challenges Judge Caputo's decision to dismiss the Amended Complaint with prejudice without resolving "all his claims." (ECF No. 63.) Simply put, Mr. Johnson ignores the actual legal basis for Judge Caputo's granting of the Defendants' motion to dismiss, his failure to plead their personal involvement in the alleged act that violated his constitutional rights. In the Court's prior ruling, the Court explained the necessity of pleading the Defendants' personal involvement. Mr. Johnson was advised that the allegations of his amended complaint "should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to [the] deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009)." (ECF No. 43 at 5.) He does not argue Judge Caputo erred when dismissing claims against CO Kaleta and CO Reitz concerning the SCI-Coal Township use of force event that was dismissed without prejudice. He also does not challenge Judge Caputo's finding that he failed to state a claim against Secretary Wetzel, Ms. Varner, Supt. Kauffman, Ms. Hollibaugh, Ms. Jadlocki and Mr. Moyer due to their lack of personal involvement in the withdrawal of funds from his account based on the theory of *respondeat superior* or their processing of his grievance. *McCloskey v. Welch*, No. 18-1924, 2020 WL

823913, at *3 (3d Cir., Feb. 20, 2020) ("A §1983 action cannot be premised on a theory of respondeat superior … Merely responding to or reviewing an inmate grievance does not rise to the level of personal involvement" in the constitutional claim)(internal citations omitted).

Finally, Mr. Johnson was advised that his original complaint failed to satisfy the requirements of Fed. R. Civ. P. 8 and failed to allege the personal involvement of many of the Defendants. (ECF No. 43.) He was cautioned that absent a showing of good cause, no further amendment would be permitted. (*Id.*) Mr. Johnson was granted additional time to file his amended complaint. When he filed his Amended Complaint, it suffered from many of the same ailments of his original complaint. (ECF Nos. 49 and 62.) Construing the Amended Complaint liberally, the Court addressed the possible claims raised by Mr. Johnson against the named Defendants and found them wanting. Mr. Johnson has not demonstrated the Court erred by denying him further leave to file a second amended complaint or that any further amendment would not have been futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). For these reasons, the Court will deny Mr. Johnson's motion for reconsideration or motion to alter judgment.

### B. Motion to Recuse Jurist & Motion to Cure Defect of Amended Complaint

Mr. Johnson seeks the recusal of Judge Caputo based on his "appearance of bias". (ECF No. 64.) Since Judge Caputo has recently passed away and this matter has been reassigned, this motion is dismissed as Moot.

Finally, based on the above, Mr. Johnson's motion to for *in forma pauperis* status and motion to file a second amended complaint will be denied.

### III. Conclusion

In light of the foregoing, an appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 31, 2020**
17-0364-01